THE STATE OF TEXAS v. F. F. COLLINS.

1. In an indictment for obstructing a public road it is not necessary to allege the materiality of the obstruction or that the road had been laid off by the proper authorities as a public highway, nor to negative the right of the defendant to place the obstructions in the road.
2. These are matters of defense or mitigation, and may be shown by the defendant.

APPEAL from McLennan. Tried below before the Hon. J. W. Oliver.

The case is stated in the opinion.

*Attorney-General,* for appellant.

No counsel for appellee.

OGDEN, J.—The court erred in this case in sustaining the exceptions to the indictment. The indictment charges that the defendant "did with force and arms the public road leading from Waco by way of Robinsonville to the county line in direction of Marlin, unlawfully obstruct by then and there erecting a fence across the same." We think this indictment sufficiently definite and certain to charge an offense against the laws of the State, as provided in Article 2579, Paschal's Digest. It was wholly unnecessary to allege the materiality of the obstructions, or to negative the idea that defendant was authorized to place the obstructions in the road further than to allege that he unlawfully obstructed a public road, nor was it necessary to allege that the road so obstructed had been laid off by the proper authorities as a public highway.

These were matters of defense which may be shown as a justification or in mitigation of the act, but were not necessary to be alleged or proven by the State in order to sustain the charge. The offense is the obstruction of a public road or highway, so as to hinder or annoy travelers, who have a right to travel unmolested such roads or highways at their will or pleasure.

The judgment is reversed and the cause remanded for trial.

REVERSED AND REMANDED.