HENRY V. BAILEY *et al.*, Appellants, v. ANDREW J. LINDSAY, Respondent.

St. Louis Court of Appeals, April 16, 1889.

Pleading : PETITION : CAUSE OF ACTION. A petition which states that the defendant, holding a tenancy by the courtesy in certain premises, his wife still living, leased them to the plaintiff by a written contract stipulating for certain repairs and improvements, which stipulation was violated by the defendant in the particulars set forth, to the plaintiff's damage, states a cause of action. Whatever may be the extent or the limits of the husband's dominion over his wife's property, there is no hindrance to his making a valid contract on his own responsibility, for the breach whereof he will be personably liable. The addition of irrelevant matter concerning the title, in the petition, will not render it insufficient, and the court erred in sustaining a general demurrer to that effect.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Edmond A. B. Garesché*, for the appellants.

The amended petition states a cause of action. R. S. 1879, sec. 3511 ; Bliss Code Pl. [2 Ed.] sec. 229 ; Pars. Cont., sec. 501. The trial court seemed to think

that there could be no recovery in this case because plaintiffs' right to recover rested upon the validity of the lease, and that this being void because of the fact that the wife did not join with the husband therein, there was no valid contract between the parties and therefore there could be no recovery. This position I submit is wholly untenable. It is not sought in this proceeding to charge the wife's estate. The action is directly against the defendant for failure to perform his contract with plaintiffs.

*G. M. Stewart*, for the respondent.

Since the case of *Mueller v. Kaessmann*, 84 Mo. 318, there can be no doubt that the husband has no beneficial interest in the wife's real estate, held as the property described is alleged to have been held. In the last case, at page 328, the court says: "By the necessary construction of this act the wife cannot be deprived either of the title or possession of her lands except by her own voluntary act." This case has been frequently approved. *Dyer v. Witte*, 89 Mo. 92–93; *State v. Bishop*, 22 Mo. App. 435–443; *Bradley v. Railroad*, 91 Mo. 499; *Burns v. Bangert*, 92 Mo. 167; *Gilliland v. Gilliland*, 10 S. W. Rep. 139. The case of *Silvery v. Sumner*, 61 Mo. 255, is to the same effect. The respondent's propositions, therefore, are these: That the legal import of the allegations of the petition is that respondent was acting as the agent of his wife in making the alleged lease and contract and that there is no allegation making him liable as such agent. Any lease made by respondent of his wife's property was invalid (*Silver v. Sumner*, *supra*), and hence there was no consideration for the alleged agreement to repair, as the consideration stated passed or inured to the wife as a matter of law and no consideration for the same passing to the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs appeal from a judgment upon demurrer to their petition, and the only point, presented by their appeal, is whether their petition states any legal cause of action against defendant.

The petition states in substance the following facts: The plaintiffs are stationers and printers, and the defendant is the husband of Jane Lindsay and was in February, 1887, in possession of certain real estate in the city of St. Louis belonging to his wife, in his own right, there having been issue born alive of his marriage with said Jane.

That the defendant being so in possession agreed with the plaintiffs that if they would become his tenants of such real estate, and pay him rent therefor, he would put the premises into good and substantial condition and make certain alterations and repairs thereon in a substantial, scientific and workmanlike manner so as to fit them for use by plaintiffs for a term of five years.

That the plaintiffs took possession of the premises under such lease and occupied them until the end of May, 1887, when the building, owing to the negligent and unskilful manner in which the repairs agreed to be made were in fact made by the defendant, collapsed, without any fault on plaintiffs' part, thereby damaging plaintiffs' property in the building to the amount of twenty-four hundred dollars, for which amount they pray judgment.

The defendant contends that the legal import of the allegations of the petition must be either that he (the defendant) was acting as the agent of his wife in making the alleged lease and contract, and if so there is no allegation making him liable as such agent. Or else, that the defendant was acting on his own behalf and

then there was no consideration for the alleged agreement to repair, as the lease was invalid as a matter of law, and the defendant could derive no benefit therefrom.

Our statute, Revised Statutes, section 3295, provides in substance among other things that no conveyance made by the husband during coverture of any interest in the real estate of his wife shall be valid, unless the same be by deed executed by the wife jointly with the husband, and acknowledged by her in the manner now provided by law, in the case of a conveyance by husband and wife of the real estate of the wife, and further provides that the rents and issues of such real estate shall be exempt from execution for the husband's debts.

The law on the subject of the legal property rights of married women in this commonwealth is in a transition state, and the efforts of the judiciary to reconcile the statute with the common law, and to give effect to both as far as practicable, has led in many cases to the most illogical results. Thus in *Gray v. Dryden*, 79 Mo. 106, it was held that the right of possession of the wife's realty is exclusively in the husband during coverture and that he is the only necessary party plaintiff in an action of forcible entry for the recovery of the possession of his wife's land. This was recognized to be the rule notwithstanding the statute in *Mueller v. Kaessmann*, 84 Mo. 324; *Gideon v. Hughes*, 21 Mo. App. 530, and *State v. Bishop*, 22 Mo. App. 435.

On the other hand, it was said in *Mueller v. Kaessmann*, *supra*, that the statute "is a disabling statute as far as the husband is concerned, that his situation towards his wife's land is precisely the same as hers toward his land, the statute enabling her to convey her interest in his land by complying with certain conditions, and the statute disabling him from conveying his interest in her lands, unless upon compliance with similar conditions. In a word, that under the statute the husband, as well as the wife, labors under

disabilities of coverture, and can do no more than could the wife under similar circumstances." But the language thus used in order to be reconcilable at all with other parts of the same opinion, as well as with *Gray v. Dryden*, expressly recognized therein, and with subsequent cases, can have reference to the question of title only as distinguished from the question of dominion, nor can the disability of the husband mentioned therein on any conceivable theory be held to be a disability to make a contract for the breach whereof he is personally responsible, solely because the contract relates to the realty of his wife.

The wife at common law labors under a general disability to make contracts, during coverture, and as to her the act is an enabling act. The husband labors under no such disability, and while the act to him is a disabling act, it disables him only in so far as the necessary protection of his wife's interests demands it. Because a contract made by him alone touching his wife's realty may not be specifically enforceable, it does not follow that he is not personally liable for the breach thereof in the same manner, as he would be personally liable for the breach of any other contract with the terms wherof he is powerless to comply.

Impossibility of performance even is not a good defense to an action at law, for breach of a contract, unless such impossibility is the result of the act of God, or of the promisee, or was obvious when the contract was entered into. " When one for a valuable consideration promises another to do that, which in fact is impossible, but the promise is not obtained by actual or constructive fraud, and is not on its face absolutely impossible, there seems to be no reason why the promisor would not be held to pay damages, for the breach of the contract; not in fact for not doing what cannot be done, but for undertaking and promising to do it." 2 Pars. Cont. [ 7 Ed. ] 673.

The petition in this case contains much which is merely surplusage. The fact that there was issue born alive of the marriage of defendant with Jane Lindsay, seems to have been inserted on the fallacious theory, that that fact gave the defendant, who thereby became a tenant for life, an additional right to make a lease for years. But the question for our determination is not on what theory the plaintiffs seek to sustain their action, but whether their petition states facts sufficient to contribute a cause of action. Their petition would have been good if it had omitted all averments as to title, and had simply stated that in consideration of certain moneys agreed to be paid by them to the defendant, the defendant agreed to do certain things (stating them), and that by defendant's failure to do the thing thus agreed upon, they suffered the damages for the amount whereof they pray judgment. The insertion of additional irrelevant matter does not render the petition insufficient.

Judgment reversed and cause remanded. All concur.