THE STATE OF MISSOURI, Respondent, v. GEORGE W.
PULLEN, Appellant.

Kansas City Court of Appeals, February 2, 1891.

1.  **Roads and Highways** : INDICTMENT FOR OBSTRUCTION : SUFFI-
    CIENCY.   An indictment charging the defendant with obstructing
    " a certain public road ·leading from the Missouri river, in said
    county of Holt and state of Missouri, by the way of Wilson school-
    house, to the town of Forbis in said county and state, said road
    not being known by any particular name, near where said road
    passes said Wilson schoolhouse in said county," etc., is sufficiently
    certain both as to the road described and the point of obstruction.

2.  **Criminal Law** : MISDEMEANOR : VARIANCE : APPELLATE PRACTICE.
    On the trial of a misdemeanor no variance between the statement
    in the indictment and the evidence shall be deemed grounds for
    acquittal unless the trial court shall find such variance material to
    the merits and prejudicial to the defense of the defendant ; and,
    where the trial court does not so find, the variance cannot be com-
    plained of in the appellate court.

3.  ———— : EVIDENCE : COUNTY ROAD : PLAT BOOK : ORDER : STATUTE.
    Where on the trial of an indictment for the obstruction of a public
    road, the state's evidence tended to show the existence of a public
    road answering substantially the description of that in the indict-
    ment by prescription and user, it is not error to admit in evi-
    dence the county-road plat book showing the plat of a road with
    *termini* described as in the indictment, and the order of the county
    court relating thereto, though the order of the county court estab-
    lishing said road is irregular, the statute,—Acts 1887, page 257,—
    being enacted to cover such defects and irregularities.

*Appeal from the Holt Circuit Court.*—Hon. Cyrus A. Anthony, Judge.

Affirmed.

*T. C. Dungan,* for appellant.

(1) The indictment is bad. It does not with sufficient particularity describe any road, nor does it with sufficient particularity describe or designate the place of obstruction. Kelly's Crim. Law & Prac., pp. 88, 89, sec. 170 ; 1 Bishop's Crim. Proc., secs. 81, 86, 89, 325, 494, 519 ; 2 Bishop's Crim. Proc., secs. 98–100, 200, 201 ; 45 Ind. 338 ; *State v. Wogan,* 31 Mo. 340 ; *State v. Tulley,* 20 Mo. 422 ; *State v. Ross,* 25 Mo. 426 ; *State v. Albin,* 50 Mo. 419 ; *State v. Fisher,* 58 Mo. 256 ; *State v. Reakey,* 62 Mo. 40 ; *State v. Crocker,* 95 Mo. 389 ; *State v. Bennett,* 11 S. W. Rep. 264; *State v. Smith,* 66 Mo. 92 ; *State v. Hayward,* 83 Mo. 299, and authorities cited ; *State v. Cox,* 29 Mo. 475 ; *State v. Fanning,* 38 Mo. 409. (2) The court erred in admitting the so-called "county-road plat book" in evidence, and the plat and entries therein were inadmissible, and did not tend to prove the establishment or existence of any public road. *Hill & Thomas v. Wright,* 3 Mo. 243. There was no evidence that such book was a public record, or one required by law to be kept. *Haile v. Palmer,* 5 Mo. 403 ; *Morrissey v. Ferry Co.,* 47 Mo. 521. (3) The court erred in admitting a part of the record only, viz., the order of the county court approving the commissioners' report and locating the road. Greenl. Ev., sec. 511 ; *Phillipson v. Bates,* 2 Mo. 116 ; *Crone v. Dawson,* 19 Mo. App. 214. (4) The instructions of the court on behalf of the state were erroneous, and the court erred in refusing the second instruction of defendant as asked, and in modifying and giving same in modified form. Session Acts, 1887, p. 257, sec. 57.

No brief for respondent.

SMITH, P. J.—The defendant was indicted, tried and convicted in the circuit court of Holt county for the offense of obstructing a public road. The indictment charged "that George W. Pullen, on or about the first day of April, A. D. 1889, at the county of Holt and state of Missouri, did unlawfully, wilfully and knowingly obstruct a certain public road leading from the *Missouri river*, in said county of Holt and state of Missouri, by the way of Wilson schoolhouse, to the town of Forbis, in said county and state, said public road not being known by any particular name, near where the said road *passes* the said Wilson schoolhouse in said county, by constructing a fence in and across the said road to the great hinderance and inconvenience of the citizens of this state against the peace and dignity of the state." The statute, section 33, page 165, Acts, 1883, declares that "if any person shall wilfully or knowingly obstruct any public road * * * by fencing across the same he shall pay a fine of not less than $20 to be recovered by indictment or information," etc.

The defendant contends that the indictment does not describe any road or place of obstruction therein with sufficient particularity. Mr. Bishop in his work on criminal procedure, section 1045, states that "the width need not be stated, neither need be the *ter mini*, nor the courses and distances, though practically the termini are often given." In *Hickman v. State*, 38 Texas, 189, an indictment which charged that the defendant "did with force and arms the public road leading from Waco, by way of Robinsonville, to the county line in direction of Marlin, unlawfully obstruct, by then and there erecting a fence across the same," was held to be sufficient. The court says, "We think the indictment sufficiently definite and certain to charge an offense against the laws of the state, * * * nor was it necessary to allege that the road had been laid off by the proper authorities, as a public highway."

In *State v. Lamey*, 13 Ark. 405, the second count of the indictment which charged that the defendant "did then and there obstruct a public road, leading from Louisville to Minden and Camden, by then and there running a fence across said road, contrary, etc., was decided to be sufficiently certain. The charge, therefore, in the indictment in this case, we think, to be sufficiently specific to inform defendant of the offense and the cause of the accusation, to meet the constitutional requirement. If the defendant obstructed the road described in the indictment, at any point within the county, the state could prove the fact under the charge without therein designating the exact or particular place of the obstruction. This has not been held necessary in any case which we have seen.

II. The defendant further contends that there is a variance, material to the merits, and prejudicial to the defense, between the description of the road in the indictment and the evidence offered in proof thereof. In answer to this contention it may be stated that the statute, section 1820, provides that whenever, on the trail of any misdemeanor, there shall appear to be any variance between the statement in the indictment and the evidence offered in the proof thereof, in the description or name of any matter or thing whatsoever therein named or described, it shall not be deemed grounds for acquittal of the defendant, unless the court, before the trial shall be had, shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant. The trial court, to which is confided this power of determining whether the variance complained of was material to the merits of the case, held that it was not. *State v. Rhodes*, 35 Mo. App. 360; *State v. Smith*, 80 Mo. 520; *State v. Warnock*, 70 Mo. 410. Hence, the matter of variance complained of is not a matter for our consideration.

III. The defendant further objects that the court erred in permitting the state to introduce in evidence

The State v. Pullen.

the county-road plat book on file in the county clerk's office, which contained a plat of a road beginning at Forbis Station and terminating on the bank of the Missouri river, and also an order of the county court which approved the report of the commissioners of a survey of a public road whose termini were the same as those named in the plat, and ordered the location of the road. There was offered by the state evidence, the tendency of which was to show the existence of a public road, answering substantially the description of that in the indictment, by prescription and user of ten years or more, and that said road had been used as a public highway by the traveling public for a period of more than ten years, consecutively, before the alleged obstruction, and that the defendant obstructed the same, near where it passes said Wilson schoolhouse, by fencing across the same on the first day of April, 1889.

The statute, Acts, 1887, section 57, page 257, requires all roads in this state, that have been opened by any order of the county court, and a plat made thereof, and filed with the clerk of the county court, and have been used as a public highway, by the traveling public for a period of ten years or more, shall be deemed legally opened and established county roads, notwithstanding there may have been irregularities in the proceedings had to establish and open such road. The plat being on file in the office of the county clerk was properly admissible in evidence. As to the question of variance, that we have already noticed. The order of the county court is somewhat irregular. It orders the road located, but does not in terms order it opened. Doubtless the term "located" was used in the same sense of open. This we are led to infer from the fact that the road, whose terminal points it described, has been used as a public highway for the traveling public for a period of more than ten years before the obstruction by defendant, and, in addition to this, public money and labor had been expended thereon for

that period. We think the statute was enacted to cover just such defects and irregularities as appears in this case. It is a statute of repose. This construction is amply supported by considerations of public policy. The evidence when thus taken in its entirety was not subject to the objection that the defendant has lodged against it.

No error prejudicial to the defendant is perceived in the action of the court in giving or refusing of instructions. The judgment with the concurrence of the other judges will be affirmed, which is so ordered.