THE STATE OF MISSOURI, Respondent, v. U. S. FRENCH, Appellant.

Kansas City Court of Appeals, January 18, 1892.

1. **Criminal Procedure :** OATH OF SPECIAL JUDGE. The oath taken by a special judge in a criminal case, requiring him faithfully and impartially to demean himself as special judge in the trial of that case, sufficiently complied with the statute.

2. **Appellate Practice :** OBJECTIONS IN MOTIONS FOR NEW TRIAL AND IN ARREST. An objection to the refusal of the court to grant a rule on the clerk sending a transcript on change of venue to send " a perfect transcript, duly certified," is matter of exceptions to be preserved in the motion for a new trial, and if not so preserved will not be noticed in the appellate court, even though put in the motion in arrest, the order changing the venue giving the court jurisdiction of the cause.

3. **No Objection in Motion for New Trial.** If the refusal of the court to continue the cause is not mentioned n the motion for a new trial, it will not be noticed on appeal.

*Appeal from the Polk Circuit Court.*—HON. C. L. RUSSELL, Special Judge.

AFFIRMED.

*Upton & Skinker*, for appellant.

(1) Revised Statutes, section 4166, provide that when the order of removal shall be made the clerk shall make out and transmit a full transcript of the record and proceedings, and that this shall be duly certified, etc. In this case the clerk wholly fails to mention the record in his certificate. The indictment is a part of the record. Hence, there was nothing in the Polk circuit court that defendant could be tried upon. Of course the indictment purported to be copied in the transcript. But there is no certificate that it is a copy of the indictment. When a change of venue is taken the court to which it is sent acquires its jurisdiction of the cause by the deposit of a duly certified transcript of the record (in the cause) of the court from which the change is taken. (2) Revised Statutes, section 4176, prescribe the oath that the special judge shall take. He shall swear "that he will hear and try the cause without fear, favor or partiality." No such oath was taken in this case. He does not swear that he will hear and try the case at all. The objection to the oath was timely made. Taking the oath was necessary to give the special judge any authority to try the cause. The oath taken is not a substantial compliance with the statute. It is essentially different from the oath prescribed. Further, the oath pretended to have been taken is no oath at all. Who was duly sworn? "That he will," etc. Who will? Russell subscribes the oath, but who is referred to by "he" in the body of the oath? (3) The application for a continuance should have been granted.

*John S. Haymes*, for respondent.

( 1 )  The order of the Dallas circuit court changing the venue to the Polk county circuit court gave the latter jurisdiction. *Gilstrap v. Felts*, 50 Mo. 428; *State v. Daniel*, 66 Mo. 192 ; *State v. Haws*, 98 Mo. 1888. And, until the contrary is made to appear, the law indulges the presumption that the clerk complied with the statute ( which is directory only. *State v. Haws*, *supra* ), and transmitted to the Polk circuit court, a perfect transcript. *McDonald v. Frost*, 99 Mo. 44. Save as to the certificate there is no intimation that the transcript is imperfect. Certainly no defect has been shown. And the form of the certificate is not material. Even if it is defective with a perfect transcript the error is harmless. *State v. Emery*, 76 Mo. 344 ; *McDonald v. Claas*, 104 Mo. 14; *State v. Knight*, 61 Mo. 373 ; *Gilstrap v. Felts*, 50 Mo. 428 ; *Mannix v. State*, 17 N. E. Rep. 565; *Tomilson v. Ellison*, 104 Mo. 105 ; *Mortland v. Holton*, 44 Mo. 58 ; *Railroad v. Carlisle* 94 Mo. 166 ; *White v. Caldwell*, 17 Mo. App. 691 ; *Case v. Fogg*, 46 Mo. 44; *Dougherty v. Whitehead*, 31 Mo. 255 ; *Stearnes v. Railroad*, 94 Mo. 317 ; *State v. Day*, 100 Mo 242 ; *State v. Ware*, 69 Mo. 332. And appellant, having failed in motion for new trial to bring before the court for correction its action on his objections to proceeding to trial and request as to the transcript, thereby waived his objections. *State v. Millikin*, 24 Mo. App. 462 ; *McCord v. Railroad*, 21 Mo. App. 92 ; *Carver v. Thornhill*, 53 Mo. 283 ; *Blakely v. Railroad*, 79 Mo. 388 ; *Green v. Walker*, 99 Mo. 68. ( 2 )  The oath taken by the special judge was substantially correct. A late objection : *State v. Dodson*, 72 Mo. 283 ; *State v. Anderson*, 96 Mo. 241. But this court will not review this objection for, like the other, it was not properly saved in bill of exceptions ( *Green v. Walker*, 99 Mo. 68 ), nor brought before court in motion for new trial. Cases

·cited on other point.   ( 3 )   The refusal of the contin-
uance was not made a ground for a new trial, and is
therefore not before the court.   *State v. Mann*, 83 Mo.
589 ; *State v. Fletchall*, 31 Mo. App. 296 ; *State v.
Jewell*, 90 Mo. 467.

ELLISON, J.—The defendant was indicted and con-
victed on a charge of abandoning his wife.   There was
a change of venue from the Dallas circuit court to Polk
·county.   In the latter county a special judge was selected
to try the case.   The following are the three errors
·complained of as stated by defendant :

*First.*   Error in overruling defendant's objection to
the transcript from Dallas county, and refusing his
request for a rule on the clerk of the Dallas circuit
·court to send a perfect transcript, duly certified.

*Second.*   Error in overruling defendant's objection
to the special judge proceeding to try the case without
taking the oath required by law.

*Third.*   Error in overruling defendant's application
for a continuance."

The oath taken by the special judge is as follows:
·"STATE OF MISSOURI,  ⎫
                     ⎬ ss.
·"County of Polk.     ⎭

"———Being duly sworn on oath, states that he
will support the constitution of the United States and
the constitution of the state of Missouri and faithfully
and impartially demean himself as special judge in the
trial of the case of the *State of Missouri v. U. S.
French.*"

                    " C. L. RUSSELL.

"Subscribed and sworn to before me this twenty-
·eighth day of October, 1890.

                    " W. I. WALLACE.

                         " Circuit Judge."

The statute, section 4176, Revised Statutes, 1889,
prescribes that the special judge shall make oath that

he will try the cause "without fear, favor or partiality." Under the ruling of this court in *State v. Bishop*, 22 Mo. App. 435, we hold that the oath taken and subscribed in this case was a sufficient compliance with the statute.

The defendant asked the court for a rule on the circuit clerk of Dallas county "to send a perfect transcript duly certified." This was refused. The objection made is to the certificate of the clerk in omitting to certify as to the "*record.*" It is as follows :

"STATE OF MISSOURI, ⎫
                      ⎬ SS.
" County of Dallas.   ⎭

"I hereby certify the foregoing to be a true and complete transcript of all the proceedings had in this cause, together with the depositions taken in this case which are hereto attached.

" Witness my hand and seal this sixteenth day of October, 1890.

" L. S.                    J. P. O'BANNON,
                              "Circuit Clerk."

The refusal of the court does not appear to have been incorporated in the motion for new trial, and we will therefore not consider these questions. The order of the Dallas circuit court changing the venue gave the Polk circuit court jurisdiction of the case. *State v. Daniel*, 66 Mo. 192. And the refusal of the latter court to make the rule was a matter of exception to be preserved by the motion for new trial. Putting it in the motion in arrest was not sufficient. There is no showing of any record omission in the transcript, the only complaint being as to the certificate above set out.

The refusal to continue the cause was also not mentioned in the motion for new trial as it should have been, and we will not discuss that alleged error. It follows that the judgment should be affirmed. All concur.