STATE OF MISSOURI, Respondent, v. SETH MACY, Appellant.

Kansas City Court of Appeals, November 9, 1896.

1. **Criminal Law**: OBSTRUCTING ROAD: EVIDENCE.   On an indictment for obstructing a public road, where the state's case depends upon adverse user, the defendant, on cross-examination, may ask the state's witnesses if they had not signed a petition to establish a public road along the line in controversy and may, in aid of his defense, show a proceeding to establish a public road along such line.

2. **Roads and Highways**: ADVERSE USER: MARRIED WOMEN.   The public can not acquire a right of way for a public road by continuous adverse user for ten years when the owner is a married woman.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*George Hall & Son* for appellant.

(1) The petition for the new road, and the release of the right of way therefor, signed by the witness Grimes, and the records of the township board, were

competent evidence for the purpose of impeachment, and should have been admitted for the purpose, as well as to disprove the prior existence of the road. *State v. Patrick*, 107 Mo. 147, 161; 1 Greenleaf on Evidence [Redfield's Ed.], secs. 462, 463; *Cooke v. Railroad*, 57 Mo. App. 471, 480; *Spohn v. Railroad*, 122 Mo. 1; *State v. Starr*, 38 Mo. 270; *State v. Purdin*, 68 Mo. 99; *State v. Stein*, 79 Mo. 330; *Prewitt v. Martin, Adm'r*, 59 Mo. 325, 334; *Mahaney v. Railroad*, 108 Mo. 191, 200; *State v. Davis*, 29 Mo. 391; *Railroad v. Woolard*, 60 Mo. App. 631. (2) The lands where the posts were put were the lands of a married woman, and could not be acquired by the public for a highway, by use, and her agent could not be guilty of obstructing a highway by inclosing the same. *McBeth v. Trabue*, 69 Mo. 642, 655; *State v. Bishop*, 22 Mo. App. 435; *Hoskinson v. Adkins*, 77 Mo. 537; *Tatum v. City of St. Louis*, 125 Mo. 647, 655; *Johnson v. Duer*, 115 Mo. 366, 381; *Mueller v. Kaessman*, 84 Mo. 318; *Throckmartin v. Pence*, 121 Mo. 50, 60. The instructions given on behalf of the state ignore this fact and are, therefore, erroneous. *Stocker v. Green*, 94 Mo. 280; *Brownfield v. Ins. Co.*, 26 Mo. App. 390; *State v. Foley*, 12 Mo. App. 431; *State v. Johnson*, 76 Mo. 121; *Maack v. Schneider*, 57 Mo. App. 431; *Fink v. Phelps*, 30 Mo. App. 431; *Sullivan v. Railroad*, 88 Mo. 169; *Singer v. Goldenberg*, 17 Mo. App. 549, 564; *Bank v. Murdock and Armstrong*, 62 Mo. 70.

ELLISON, J.—The defendant was indicted, tried, and convicted for obstructing a public road. The state's case depended upon adverse user by the public for the necessary period of limitation. Witnesses for the state gave testimony that the road had been so used and was so recognized by them and the public. Some of them testified to having worked the road for the public. The defendant then, for the purpose of showing that they

had not so recognized the road and that it had not been so recognized and used, on cross-examination asked if they had not signed a petition to establish a public road along the line here in contention. The testimony was disallowed, and, we think, erroneously. Clearly the right existed, especially on cross-examination. It may have had a direct tendency, if not to contradict, to at least explain, the statement of the witnesses in their direct examination. Futhermore, the tendency of such testimony was to show that the witnesses never regarded the line in controversy as a public road. *Railroad Co. v. Woolard*, 60 Mo. App. 631; *State v. Pullen*, 43 Mo. App. 620; *State v. Patrick*, 107 Mo. 147. So, for much the same reason, it was error to exclude the offer to show the proceeding to establish a public road along the line in controversy.

If the fact be, as the record seems to show, that the land claimed to have been a public road by adverse user by the public for the requisite period of limitation, was owned by a married woman at the beginning of the adverse user and there has not been a period of continuous adverse user for ten years, when not owned by a married woman, the public could not acquire the road against the rights of such married woman. We decided this in a case presenting a similar question. *State v. Bishop*, 22 Mo. App. 435. See, also, *McBeth v. Trabue*, 69 Mo. 642; *Johnson v. Duer*, 115 Mo. 366.

The judgment will be reversed and the cause remanded. All concur.