THE STATE OF MISSOURI, Respondent, v. SETH MACY, Appellant.

Kansas City Court of Appeals, December 6, 1897.

1. **Roads and Highways:** ADVERSE USER: CHANGE OF LIMITATION PERIOD. The period of adverse user of a highway in the absence of special provision will follow by analogy the period fixed for actions of ejectment, and the legislature during the currency of the time may shorten the period as by changing it from twenty to ten years.

2. **Public Highways:** ADVERSE USER: MARRIED WOMEN. If the land claimed by adverse user as a road was owned by a married woman when such user began, the limitation will not begin to run during her disability; but if such user began before marriage, it will not be interrupted by such subsequent disability.

3. **Appellate and Trial Practice:** CHANGE OF INSTRUCTIONS: RECORD. During counsel's argument the court modified an instruction whereupon counsel refused to continue his argument without requesting further time. The appellate court can not consider matters not appearing on the record tending to show that the action of the court affected the defense.

4. **Judicial Notice**: TOWNSHIP ORGANIZATION. Courts take judicial notice of the township organization law, but not of the fact that it is adopted in a particular county.

5. **Roads and Highways**: ADVERSE USER: EXPENDITURE OF MONEY AND LABOR. In a prosecution, the statute requiring an expenditure of labor and money for a period of limitation in order to acquire title by adverse user, means that such expenditure must have begun and continued from time to time for such period, and not constantly.

6. ——: ——: ——. Such expenditure must be on the identical road, but need not be on the particular piece obstructed.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*Geo. Hall & Son* for appellant.

(1) The land where the posts were set has been the property of Mary Ann Macy, wife of the defendant, since January 27, 1865, and she has been the wife of defendant since October 4, 1866. Limitation could not run against her after her marriage. The statute under which this indictment is brought was first enacted in 1889, and can not retroact, therefore the public could not acquire a right to her land by user since the law was passed and defendant was not guilty as charged. R. S. 1865, sec. 45, chap. 52, p. 295; Laws 1877, p. 401, sec. 34; R. S. 1879, secs. 6964, 6987; R. S. 1889, secs. 7827, 7847; *McBeth v. Trabue*, 69 Mo. 642, 655; *State v. Bishop*, 22 Mo. App. 435; *Hoskinson v. Adkins*, 77 Mo. 537; *Tatum v. City of St. Louis*, 125 Mo. 647, op. 655; *Johnson v. Duer*, 115 Mo. 366, op. 381; *Mueller v. Kaessman*, 84 Mo. 318; *Throckmorton v. Pence*, 121 Mo. 50, op. 60; *State v. Macy*, 67 Mo. App. 326. (2) Grundy county has been under the township organization law since the year 1873, therefore section 7827, Revised Statutes of 1889, does not apply, but section 8558, Revised Statutes of 1889, is in force in said

county, and a conviction can not be had under the present indictment. And the court erred in refusing to give instruction number 1 in the nature of a demurrer to the testimony, and in overruling defendant's motion in arrest.

*Harber & Knight* and *John W. Schooler* for respondent.

The public commenced to travel the road as one of the public highways of the county as early as 1850, some of the witnesses put it earlier, and have continued to travel it ever since, even to this day. Under such circumstances the fact of Mrs. Macy's coverture cuts no figure in this case. The statute of limitations having begun to run long prior to her marriage, such marriage did not interrupt it. *Landes v. Perkins*, 12 Mo. 239; *Smith v. Newby*, 13 Mo. 160; *Rogers v. Brown*, 61 Mo. 187; *Cunningham v. Snow*, 82 Mo. 587; *Pim v. City of St. Louis*, 122 Mo. 655. There being no proof of the adoption of township organization, and courts not taking judicial notice thereof, defendant's punishment was rightly under the general law. *State v. Hayes*, 78 Mo. 600; *City v. R. R.*, 76 Mo. 98; *State v. Cleveland*, 80 Mo. 108; *Hemlock v. Daugherty*, 81 Mo. 171; *State v. Mackin*, 41 Mo. App. 99; *Wood v. Rously*, 47 Mo. App. 465. Again, this statute does not require public money or labor to be expended on every specific portion of the road.

ELLISON, J.—Defendant was convicted on a charge of obstructing a public road. He appealed to this court and the case was remanded for another trial. 67 Mo. App. 326. Defendant was again convicted and again comes here for relief.

The state relies upon the road in question having become such by adverse user by the public. The

State v. Macy.

ROADS and highways: adverse user: change of limitation period. adverse use began before the first enactment of the present statute prohibiting the obstruction of public roads, and at a time when the period of the statute of limitations of actions of ejectment was twenty years instead of ten, as it is now. The period of adverse use of a highway by the public, in the absence of a special period, will follow by analogy the period fixed by the state for actions of ejectment. *State v. Wells*, 70 Mo. 635; 9 Am. and Eng. Ency. of Law, 366. When the adverse use of the road in controversy began, the period of limitation for ejectment was twenty years, while at the time of the offense it was ten years. The court by instructions fixed the period of adverse use by the public at ten years as the period applicable to this case, and refused defendant's request for twenty years. The refusal was proper. The legislature, during the currency of the time running at the date of the enactment, may shorten the period of limitation. Thus, though in this case, the twenty year period was running when the ten year statute was enacted, the latter would govern. For the enactment of the ten year period is no more nor less than a declaration that all roads theretofore adversely used for a period of ten years were public roads, and their obstruction thereafter would be a misdemeanor.

But so far as this case is concerned, the evidence clearly shows that a period of twenty years had run before the change to ten years was made.

2. When the case was in this court on the former appeal, we held that if the land claimed as a road was

PUBLIC highways: adverse user: married women. owned by a married woman when the adverse user began, that limitation would not begin to run during her disability. At the last trial the court gave an instruction for defendant so declaring the law. The evidence, however,

showed that the adverse use had begun before the marriage. In such case the period of limitation will not be interrupted by the subsequent disability. That a period of limitation once set in motion will not be affected by a subsequent disability of marriage, is perhaps universally conceded. We know of no reason why it should not apply to a case of adverse user of a highway by the public.

3. After one of the attorneys for the state had made an opening argument, the attorney for defendant had proceeded with his argument for a few moments when the court modified one of the instructions for the defense. No objection is made, in the motion for new trial, to the change itself, but rather to the time of the change. It seems that when the change was made counsel made no request for further time, but refused to continue his argument, though requested by the court to do so. Counsel state matters here going to show how and why this affected the defense, which is not made to appear in the bill of exceptions. We perceive no error on the record as made. The case is not like that of *New Albany Woolen Mills v. Meyers*, 43 Mo. App. 124, or the other cases cited.

*APPELLATE and trial practice: change of instructions: record.*

4. A point is made that Grundy county is under township organization law and that the case was not conducted and the punishment fixed in view of that law. There was no proof of such law having been adopted by Grundy county. While we may take judicial notice of the law, we can not of the fact that it has been adopted in a particular county. *State v. Hays*, 78 Mo. 600; *State v. Mackin*, 41 Mo. App. 99; *Wood v. Rousey*, 47 Mo. App. 465.

*JUDICIAL notice: township organization.*

5. It is contended that since this road was not opened by any court (regularly or irregularly), the

ROADS and highways: adverse user: expenditure of money and labor.

statute declares that no lapse of time shall divest the owner of his title unless in addition to the use of the road for the period of limitation, "there shall have been public money or labor expended thereon for such period." R. S. 1889, sec. 7847. This statute makes it necessary in such cases that there shall not only be the adverse user for ten years, but there must be money or work expended for the same period. While it is true that the expression is used in the text books and decisions that the adverse user must be continuous and uninterrupted, yet that does not mean that some part of the public shall be in hourly or daily use of it. So, of course, neither does the legislative expression that there shall be money or labor expended for the period of limitation, mean that the expenditure of labor or money shall be constant. The statute means that the expenditure must have been begun and continued from time to time for the period of limitation, as might be considered necessary or expedient by those in authority. The evidence in this case shows that the road was worked at different times, beginning back about forty years, and was sufficient to satisfy the statute.

6. It is not necessary that the expenditure of work or money be made on the identical piece or part of road in controversy. It is sufficient if it be on that road. That is, it would be necessary for the expenditure to be made on the identical road in controversy, but it would not be necessary that it be on the particular piece obstructed.

There are several other points suggested and argued, but an examination of the record has satisfied us that defendant was properly tried, and that no error materially affecting the merits of the case has

been committed. The statute in such cases makes it our duty to affirm the judgment, and it is so ordered. All concur.